UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GO FARM HEMP, LLC,

                    Plaintiff,

                                 COMPLAINT

-v-

CANOPY GROWTH USA, LLC,              Civ. No. 19-cv-160

                    Defendant.

_____

Plaintiff, Go Farm Hemp, LLC, by and through its attorneys, Hurwitz & Fine, P.C., for its complaint against Defendant, Canopy Growth USA, LLC, states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Go Farm Hemp, LLC ("Go Farm"), is a limited liability company formed under the law of Nevada, with a principal place of business in 701 N. Green Valley Parkway, Henderson, Nevada 89074.

2.      Defendant, Canopy Growth USA, LLC ("Defendant" or "Canopy Growth"), is a limited liability company formed under the laws of Delaware, with, on information and belief, a principal place of business in Evergreen, Colorado.

3.      This is a breach of contract action involving product being grown, in part, in the state of New York, in addition to Kentucky, Colorado and North Carolina. In the contracts at issue, the parties have contractually agreed to jurisdiction and venue the United States District Court for the Western District of New York.

4.      Jurisdiction is proper in this Court pursuant to Title 28 U.S.C. §1332, as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### FACTS RELEVANT TO ALL CLAIMS

5.       The contracts provide that they "shall be interpreted in accordance with the law of the State of New York" and that any controversy or claim arising out of or related to the agreement "shall be litigated in the U.S. District Court for the Western District of New York."

6.      Section 7606 of the Agricultural Act of 2014 authorizes institutions of higher education or state departments of agriculture, if authorized under State law, to "grow[] or cultivate [industrial hemp] for purposes of research conducted under an agricultural pilot program or other agricultural or academic research." 7 U.S.C. § 5940.

7.      The Agriculture Improvement Act of 2018, Pub.L. 155-334 (the "2018 Farm Bill"), removed hemp and extracts of hemp form the Controlled Substances Act schedules.

8.      New York, Kentucky, Colorado and North Carolina are some of the many states that currently authorize the growth of industrial hemp within the state provided state laws are followed.

9.      Go Hemp Farm LLC is authorized to grow industrial hemp in all four states.

10.     Defendant, upon information and belief, processes and utilizes hemp for multiple commercial uses.

11.     On or about May 14, 2019, the parties into a written Agreement (Agreement 1) by which Defendant would purchase hemp biomass ("hemp crop") that Go Farm would grow and harvest, and pack.

12.     On or about May 16, 2019, the parties into a second written Agreement (Agreement 2) by which Defendant would purchase hemp biomass ("hemp crop") that Go Farm would grow and harvest, and pack. (Collectively, Agreement 1 and Agreement 2 are referred to as the "Agreements".)

13.     The Agreements contain identical Force Majeure provisions that included, among other things, "strikes or work stoppages; . . . acts of God; the elements; . . . or any other causes beyond the control of the Party unable to perform."

14.     Section 6 of Agreement 1 governed Purchase Price and Payment for the crops covered by Agreement 1.

15.     Section 6.2 of Agreement 1 provided that Defendant "shall pay" to Go Farm the Purchase Price for the crops covered by Agreement 1 in accordance with Schedule B and on the terms and conditions set out in Schedule B.

16.     Under Agreement 1 Schedule B, the total purchase price was based on a per acre price amounting to exactly 300 acres. If the actual farmed acres fell short of the 300-acre target, the purchase would be adjusted to the actual number of acres.

17.     Defendant agreed to pay a 30% deposit ("Deposit") upon execution of the final agreement and agreed to pay the balance in five equal monthly installments ("Installments" or, singularly, "Installment") to Go Farm, starting no later than June 15, 2019.

18.     Agreement 1 Schedule B provided that, under certain circumstances, the last two Installments may be withheld until proper yield accounting after harvest. However, under any circumstances Defendant was required to timely pay the first three Installments.

19.     Section 6 of Agreement 2 governed Purchase Price and Payment for the crops covered by Agreement 2.

3

20.     Section 6.2 of Agreement 2 provided that Defendant "shall pay" to Go Farm the Purchase Price for the crops covered by Agreement 2 in accordance with Schedule B and on the terms and conditions set out in Schedule B.

21.     Under Agreement 2, the total purchase price was based on a per acre price amounting to exactly 815 acres. If the actual farmed acres fell short of the 815-acre target, the purchase would be adjusted to the actual number of acres.

22.     Defendant agreed to pay a 30% deposit ("Deposit") upon execution of the final agreement and agreed to pay the balance in five equal monthly installments ("Installments" or, singularly, "Installment") to Go Farm, starting no later than June 15, 2019.

23.     Agreement 2 Schedule B provided that, under certain circumstances, the last two Installments may be withheld until proper yield accounting after harvest. However, under any circumstances Defendant was required to timely pay the first three Installments.

24.     Defendant paid the down payment and the first two monthly Installments under both Agreements.

25.     Defendant was required to pay the third Installment under Agreement 1 to Go Farm on or before August 15, 2019.

26.     Defendant failed and refused to pay said third installment due under Agreement 1.

27.     Defendant was required to pay the third installment due under Agreement 2 to Go Farm on or before August 15, 2019.

28.     Defendant failed and refused to pay said third installment due under Agreement 2.

29.     The aggregate of the third installments under Agreement 1 and Agreement 2 that Defendant failed and refused to pay on August 15 and again on and after August 22, was $1,925,70.00.

30.     On August 22, 2019, Go Farm notified Defendant in writing of its defaults and breaches under the Agreements, and demanded payment of the third Installments past due under both Agreements.

31.     Defendant refused or otherwise failed to cure said defaults and breaches of the Agreements.

32.     By withholding and refusing to pay the third installments, Defendant irreparably interfered with, hindered, and/or prevented Go Farm's continued performance under the Agreements.

33.     Defendant knew that payment of the third Installment was material and necessary for Go Farm to retain its workers.

34.     Defendant harassed Go Farm and interfered with Go Farm's performance by trespassing and threatening trespass on various farms run by Go Farm, including those not growing hemp for Defendant.

35.     Defendant harassed Go Farm and interfered with Go Farm's performance by threatening seizure of Go Farm's crops and property without any right or authority.

36.     On September 5, 2019, pursuant to Sections 12.1 and 13 of Agreement 1, Go Farm terminated Agreement 1.

37.     On September 5, 2019, pursuant to Sections 12.1 and 13 of Agreement 2, Go Farm terminated Agreement 2.

<u>FIRST CAUSE OF ACTION (Breach of Contract)</u>

38.     Go Farm repeats and realleges all foregoing paragraphs as though fully set forth herein.

39.     Agreement 1 is a binding contract between the parties.

40.     Go Farm substantially performed its obligations under and in accordance with Agreement 1.

41.     Time for delivery has not yet occurred.

42.     Go Farm at all times used reasonable cultivation practices for industrial hemp production in the United States.

43.     At all times, Go Farm acted in good faith.

44.     Defendant breached Agreement 1 by refusing to pay the third Installment due under the contract.

45.     By withholding and refusing to pay the third installment, Defendant irreparably interfered with, hindered, and/or prevented Go Farm's continued performance under Agreement 1.

46.     Defendant's breach has damaged Go Farm in an amount to be proven at trial, but no less than $556,500, plus any and all damages recoverable under New York Uniform Commercial Code §§ 2-708, 2-709, plus costs and attorneys' fees.

## SECOND CAUSE OF ACTION (Breach of Contract)

47.     Go Farm repeats and realleges all foregoing paragraphs as though fully set forth herein.

48.     Agreement 2 is a binding contract between the parties.

49.     Go Farm substantially performed its obligations under and in accordance with Agreement 2.

50.     Time for delivery has not yet occurred.

51.     Go Farm at all times used reasonable cultivation practices for industrial hemp production in the United States.

52.     At all times, Go Farm acted in good faith.

53.     Defendant breached Agreement 2 by refusing to pay the third Installment due under the contract.

54.     By withholding and refusing to pay the third installment, Defendant irreparably interfered with, hindered, and/or prevented Go Farm's continued performance under Agreement 2.

55.     Defendant's breach has damaged Go Farm in an amount to be proven at trial, but no less than $1,369,000, plus any and all damages recoverable under New York Uniform Commercial Code §§ 2-708, 2-709, plus costs and attorneys' fees.

<u>THIRD CAUSE OF ACTION</u> (Breach of Good Faith and Fair Dealing)

56.     Go Farm repeats and realleges all foregoing paragraphs as though fully set forth herein.

57.     Implied in every contract is a covenant of good faith and fair dealing.

58.     Go Farm has complied with all of the conditions under the Agreements and/or is excused from having to do those things because of Defendant's conduct.

59.     Defendant has unfairly interfered with Go Farm's right to receive the benefits of each of the Agreements.

60.     Defendant ahs violated the implied covenant of good faith and fair dealing contained in each of the Agreements.

WHEREFORE, Plaintiff Go Farm Hemp, LLC requests a judgement in its favor against Defendant, Canopy Growth, USA, LLC as follows:

a.     For all actual and compensatory damages according to proof, but no less than $1,925,500;

b.      For Go Farm's attorney's fees and costs;

c.      For prejudgment interest to the maximum extent recoverable by contract or law;

and

d.      For such other relief as this Court deems fair and appropriate.

PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 38, PLAINTIFF

DEMANDS TRIAL BY JURY.


Dated:  October 7, 2019
        Buffalo, New York

                                        HURWITZ & FINE, P.C.

                                        /s Andrea Schillaci
                                        Andrea Schillaci
                                        Amber E. Storr
                                        Attorneys for Plaintiff, Go Farm Hemp, LLC
                                        1300 Liberty Building
                                        424 Main Street
                                        Buffalo, New York 14202
                                        716.849.8900
                                        as@hurwitzfine.com
                                        aes@hurwitzfine.com