UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GO FARM HEMP, LLC,

                                  Plaintiff,

                          v.

CANOPY GROWTH USA, LLC,

                                  Defendant.

_____

DECISION AND ORDER

19-CV-1370L

      Plaintiff Go Farm Hemp, LLC ("plaintiff"), filed this action pursuant to 28 U.S.C. §1332, alleging breach of contract and breach of the covenant of good faith and fair dealing against Canopy Growth USA, LLC ("defendant"). (Dkt. #1). The alleged basis for federal jurisdiction over the matter was 28 U.S.C. §1332(a)(1), which provides that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

      On October 11, 2019, District Judge Elizabeth A. Wolford issued an Order observing that the allegations in the Complaint were insufficient to establish federal diversity jurisdiction.[1] Specifically, the Complaint set forth claims by and between limited liability companies, the citizenship of which is determined by the citizenship of their individual members, which the Complaint failed to specify. Plaintiff was accordingly directed to file an Amended Complaint which specified the citizenship of the members of the plaintiff and defendant business entities. (Dkt. #7).

---

[1] On October 17, 2019, Judge Wolford entered an order recusing herself from the matter, and reassigning it to this Court. (Dkt. #10).

On October 16, 2019, plaintiff filed an Amended Complaint (Dkt. #9), which again asserted diversity jurisdiction. Plaintiff alleged that its own two members, Joseph Sager and Paul Smith, respectively reside in New Jersey and Colorado. With respect to the defendant corporation, plaintiff stated only that, "upon information and belief, Canopy Growth's only member is EB Transaction Corp., a Delaware corporation, with a principle [sic] place of business in Colorado or Canada." (Dkt. #9 at ¶¶3, 4).

## DISCUSSION

It is incumbent upon a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. Indeed, even where jurisdiction has not been challenged, the Court is obliged to consider its subject matter jurisdiction sua sponte. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). *See also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 297-300 (2d Cir. 2000) (where the record fails to establish that the prerequisites for diversity jurisdiction have been met, a matter cannot proceed until after a determination of jurisdiction can be made, even where the parties have failed to raise the issue). As such, the Court must, "at the earliest opportunity," review the operative complaint to determine whether subject matter jurisdiction has been established. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997). Where subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. Proc. 12(h)(3).

In order for diversity of citizenship to exist, plaintiff's citizenship must be diverse from that of the defendant. With respect to the limited liability companies who are the parties to this matter, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which [its] members [reside]." *Lewis v. Allied Bronze LLC*, 2007 U.S. Dist. LEXIS 32287 at *1 (E.D.N.Y. 2007) (*citing*

*Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48 (2d Cir. 2000)). In contrast, citizenship of a corporation includes both the place where it is incorporated, and its principal place of business. *See* 28 U.S.C. §1332(c)(1); *Edwards v. North Am. Power & Gas, LLC*, 2016 U.S. Dist. LEXIS 63360 (D. Conn. 2016).

In its Amended Complaint, plaintiff alleges that it is a citizen of New Jersey and Colorado, while defendant's sole member, a corporation identified as EB Transaction Corp., is alleged "upon information and belief" to be a citizen of Delaware (where it was incorporated), as well as Colorado and/or Canada (where its principal places of business are located).[2] Even assuming *arguendo* that plaintiff's allegations – made "upon information and belief" and naming more than one location as defendant's principal place of business – were sufficient to indicate defendant's citizenship for purposes of establishing diversity (which they are not), given that plaintiff and defendant are both alleged to be citizens of Colorado, the Amended Complaint does not establish complete diversity, nor does it otherwise demonstrate that this Court has jurisdiction over the instant action. *See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, 2018 U.S. Dist. LEXIS 47514 at *5 (W.D.N.Y. 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties and the members thereof: conclusory statements upon information and belief are insufficient). *See also Enteado v. Hi-Power Cycles, LLC*, 2016 U.S. Dist. LEXIS 28880 at *2 (D.N.J. 2016) (allegations of more than one principal place of business for a corporation, and/or allegations of diverse citizenship made upon information and belief, are insufficient to establish diversity jurisdiction).

---

[2] The Court notes that there is a second action pending between the parties in this district, *Canopy Growth USA, LLC v. Go Farm Hemp, LLC, Paul Smith and Joseph Sager*, 19-CV-1370. Curiously, the Amended Complaint in that action (19-CV-6747, Dkt. #9 at ¶¶44 et seq.) identifies different states and countries of residence for Go Farm Hemp LLC member Paul Smith than those asserted by plaintiff here, and also fails to specify a principal place of business for Canopy Growth USA, LLC. The sufficiency of that complaint, for purposes of establishing jurisdiction, will be addressed separately, as and when appropriate.

## CONCLUSION

For the reasons set forth above, plaintiff's Amended Complaint (Dkt. #9) fails to sufficiently allege that this Court has jurisdiction over the instant action, and dismissal of this action is appropriate. *See* Fed. R. Civ. Proc. 12(h)(3).

In similar circumstances, in cases where it appears that dismissal of an action would prove too harsh or prejudicial a remedy, courts have instead remanded a matter to the appropriate state court. Here, however, it does not appear that plaintiff's claims, which arise out of events occurring in and after May 2019, would be endangered by the relevant statutes of limitations in the event plaintiff found it necessary to commence its action afresh. Moreover, it is unclear to the Court which of the several possible alternative state courts presents the most convenient venue for the parties, for purposes of remand. As such, the Amended Complaint is hereby dismissed, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 7, 2019.